you may be seated. Good afternoon, Mr. Peel, that questioning the ruling of the trial judge that quashed an arrest of a defendant for driving while license suspended. In this case, factually, real simple, officer was stationary in the middle of an S-curve, truck drove by, checked out the back of the truck, saw a huge trailer hitch that blocked the plate, went after the truck, followed the truck for a while, after the truck made a left turn into a neighborhood, noticed that a rear license plate, one of the two rear license plate lights on the back of the vehicle was out over the registration plates, officer perpetuated a traffic stop at that point, found out the defendant didn't have a license, had been suspended, and placed him under arrest. Basically, the major argument in this case has really two points to it. Number one is the fact that the officer had a factual basis to make a traffic stop. He definitely had evidence, facts before him that indicated a violation of the traffic code. He had a hitch that blocked the license plate, and he ended up following it, saw a rear license plate out. That in and of itself is adequate to take and make a traffic stop. Well, on that aspect, all I'm going to take and say is look at the tape. That's all I can say. I looked at the tape, and I'm going to be honest with you, I have no idea what the trial judge's problem is with this case. Like, the picture said the That's all I can say. Point is, when you say, if believe, I guess what that also kind of gets into is the view of the hitch in relation to the plate. But, the point is, the As far as I'm aware, I don't know of any law that says that an officer has to have any reason to follow you. If an officer is leaving a station, going to a local bakery to get donuts, and he pulls in behind somebody, does he have to have a justification for following him? It happens all the time. And so, on that aspect, I don't think that the officer had to have any reason to follow him. Whether it's believable or not, that's not the point. The point is, the crucial time is when he made the stop. For the trial judge to say, well, he didn't come up with all of this until after the stop was made, all he has to take and do is, again, look at the tape. When he follows, you can see the hitch. Definitely, when he turns, and the officer testifies to this, he testifies, well, if I'm following him, of course the license plate is illuminated. It's dark. It's night. His lights are shining on him. As soon as the car makes the left turn, he can notice that the car, that the illumination on there is not what it should be. He can tell that a light is out. That is proper basis to take and stop. There's no credibility question. He only then, after the guy makes the left turn, only then does he turn his lights on. His MARS lights that they can make the stop. So, again, I think the credibility question is easily answered by the tape. I don't think the officer needs to have, definitely doesn't have to have any reason to begin to follow this guy at all. He even testifies that when he calls the stop in, he calls the stop in as an obstructed plate. So I think the totality of the evidence here, I think, really bespeaks the fact that the credibility question, the credibility of termination, I should say, that that termination is manifestly wrong. And I think that that just adds to the overall aspect of this case that really bespeaks the fact that the ultimate legal ruling in this case to quash this, I think, is clearly erroneous. The second aspect of this case is, let us assume for the sake of argument that the officer made a mistake. That maybe the rear license plate wasn't totally blocked by the hook. Does that take and detract from him making a stop? If he reasonably believed, when he went about to make that stop, that that rear hitch blocked the plate and that that light was out, if the point that, or the fact of the matter is, if he is factually wrong, i.e. the defendant would not be guilty of those violations, does that mean that the stop is bad? No. When you make a stop, you don't have to have reasonable doubt or enough proof to prove guilty. You would just simply have to have a reasonable basis to make a traffic stop. If you believe the car is in violation of something, if you reasonably believe that from what he saw, the fact that eventually he's proven wrong doesn't make the stop illegal. There are plenty of cases out there where police officers don't. What if you have a trial judge who doesn't believe the officer? Again, you have to look at the tape. That's all I can say because the tape is what really speaks the evidence here. If we didn't have the tape and you had just the officer testifying, yeah, I'd be in a harder pickle than I am. But how can you take and say that the officer wouldn't have a reasonable belief that when the car passed, if that hitch was blocking something, the fact that we may not be able to prove it beyond a reasonable doubt, or the fact that once he gets up to the car after making the stop, finds out that that's not the case, that doesn't mean that. That does not mean that he didn't have a reasonable basis to make the stop. But what if the trial judge found the officer not to be credible? What does that do to your reasonable suspicion, even if mistaken? With the lack of the tape, it would probably destroy it. But I've got that tape, and that's my point. The point is, I think the credibility determination and the basis for the stop are two separate issues. And you can take and find that based on what the officer eventually did see, that maybe he made a mistake in making the assessment after he made the stop. But that doesn't mean that he's incredulous. Or if you make a finding that, well, based on that, the fact that he made the mistake, that's not going to destroy his credibility. So then, because there's a tape, we look at this de novo? I think, well, obviously, you've got the double standards. You've got the standard with you have the factual assessment that you determined for manifest weight. Ultimate conclusion is de novo. So from that tape, you can do both. You can make the assessment that the trial judge's credibility determination is obviously manifestly erroneous from the tape and the still pictures that are there. And then you can make your own determination as to whether or not the officer had a reasonable suspicion or whether or not there was, in fact, a traffic violation at the time before he made the stop or whether or not he had a reasonable suspicion that there was something wrong that justified the stop. This is an equipment violation stop, correct? When you say an equipment violation... Why was he stopped? He had one light out, he had one light on. It's alleged that he had a trailer hitch on that was obstructing a license plate. Right? Right. So if he follows, which we all say, I don't know where that argument came from, but of course a policeman can follow. But he makes a stop, he gets out of the car, and he made a mistake. Both lights are on. It's illuminated. The trailer hitch isn't obstructing the license plate. What should he do then? What can he do then? How far can he go? Is he just get in his car and move on? No. He can still go make the stop. He can still go ask for a license. He can ask for proof of insurance. He can still do that. There are many cases out there where an officer doesn't see the sticker in the car. There's no license plate. He thinks the car is not properly registered. Stops. It's night. Stops. Gets out. Lo and behold, when he walks up to the car, what does he see? Right in the window, he sees the sticker. Doesn't have to turn around and go bye-bye. He can go up to the car. He can ask for the license. He can get the proof of insurance. He can do his traffic stop. He can still do it. Why? Because he had a reasonable basis. Factually, he ultimately was wrong, but he had a reasonable basis. And that's what all the Fourth Amendment requires for a traffic stop. You don't need to have a violation, an actual violation, although that would be probable cause to make a traffic stop with the violation, but not reasonable suspicion to make a traffic stop. That's why I'm saying two different things. The officer, what he saw and what that tape shows, if there were those violations, that's probable cause to make a stop, period, end of conversation. But we have a trial judge who saw that tape and said it wasn't reasonable. And made certain findings, and honestly, when I read the findings, I was really confused. I had to read them a few times to try to figure out what she was trying to get at. And what I felt as though she did, she first tried to take and say something along the lines of, he didn't have any really reason to follow him to begin with, that there was no basis for his decision to follow him, which I really don't understand, because like I said, I don't really need a basis to do that. And then when she came to make her final conclusion, the final conclusion all seemed to be based on the credibility of the officer and the conclusion that somehow he made this determination of why he made the stop after he stopped her. But again, if the tape had shown that as soon as he pulled out and went behind the truck and turned his lights on, then we might be in a little tougher situation. But he followed that vehicle for a while, through the S-turn a little bit, and it wasn't until the car made the turn into a neighborhood that he then followed and then turned his lights on and then made the traffic stop. So there's enough on there to show that he just didn't, that he didn't really have any reason at all just to pull this guy over and try to come up with something. And I think the tape will take and confirm the fact that that hitch, if that officer was driving, you could not see the plate. So with that, I would basically ask this court to reverse the trial judge's caution on the arrest and that the Amanda's case be tried. Thank you. Ms. Green? May it please the court? Counsel? Gabrielle Green on behalf of the appellate. The defendant does agree with some of the things that the state says, that there does not need to be, that at the time that the officer first saw the defendant's vehicle, at that point the officer did not need a reason to stop, not at the time that he first saw the vehicle. We also agree with the reasonable belief that the factual correctness of the stop is not what controls. It's whether or not the officer had a reasonable belief. But as for the stop to be still justified. But as Justice Holdren and Justice Carter mentioned, what this ruling was about was about the trial judge's ruling based on the credibility of the officer. The judge simply did not believe the officer. In support of that, and I mentioned it in my brief, the People v. Miller, which is a case that was included in the record. It was included and cited by the prosecutor at the trial level, but not addressed by the state on appeal. I did mention it in my brief. And in that case, as in this case, it was a traffic stop. In that case, as in this case, there was an allegation of there being a trailer ball hitch that was obstructing the license plate. There were also alternative potentially valid reasons for the stop in that case. However, the court in that case ultimately suppressed the evidence in that case because the trial court simply did not believe the testimony of the officers. Regardless of whether or not there was a violation of the vehicle code, the trial court in that case didn't believe the officers, and it was their credibility that was at issue. And it's the same thing that happened here. Now, the court doesn't go on and say explicitly that there was a credibility issue, but I'd like to just go over just a portion of the trial court's ruling that leads to the conclusion that the trial court did, in fact, make a credibility argument or a finding. The trial court says, quotes, the court did not hear nor find, nor can find that the officer at the time he first viewed the red pickup truck, that he had, in fact, reasonable belief that there was a violation of the vehicle code. His own squad car was not in a position in which to judge and compare to his statutory obligations, and that further there was no determination of reasonable basis for the stop until after the stop occurred. This is a credibility argument or a credibility finding. The court simply just did not believe that the officer saw what he said he saw when he said he saw it. The state would like to put a lot of weight on this video and states that the credibility argument that we're making is answered by the video. My viewing of the video, I get a completely different conclusion, but I believe, well, the defendant believes that the state puts too much reliance on what's in a video. A video does not capture what the human eye captures. A video is focused on the entire range of field, whereas the human eye focuses on what they're looking at directly. There's no way to rely on a video because it's just not what the human eye can see. The video is inconclusive. In my review of the tape with respect to the tag light, one of the tag lights being out, in my view of the video, the tag looks uniformly lit, and at certain points in the video, the officer's headlights are shining on the plate, so one cannot tell from the video that there was a headlight out. The judge had an opportunity to listen to the officer, to weigh the credibility of the officer, and to watch the videotape. The court still made the determination that the officer was not credible in his testimony. Do you know the requirement on equipment in regard to license plate lights, whether you have to have one or two lights, or is it a standard that it just has to be illuminated? It just has to be illuminated and visible from 50 feet. I believe that the video is inconclusive on that. There's nothing in the video that helps the officer's testimony, and I believe it may just be the quality of the video that makes it something that just cannot be determined by the tape. Are there any questions? No? Thank you. Well, we do ask that this court affirm the decision of the trial court. Credibility might be an issue, but it's not the end all. Simply because the trial judge made the final, doesn't mean that it sank or sank. The Miller case, when they say, to conclude the observations made after the defendant was stopped, my question is, and I don't remember from the case, whether or not there was a video. In a case where there's no video and the trial judge makes that determination, okay, you know, like I said, we've got a harder road to hope. But in this case, okay, if you listen to what counsel said, she basically gave the quintessential aspect of my argument, and she gave it so much more credibility than I could ever have said on my own up here. What she did is she quotes the judge. The judge basically makes the comment, when the officer first viewed that back of that truck from his position, the side of the road, there is no way that he could have determined there was a traffic code violation. First of all, he didn't even know there was a traffic code violation. In fact, all he needed was a reasonable basis to believe that there might be, okay, a traffic code violation. That's number one. But number two, even if we accept what she says is true, that doesn't mean that he made his determination that there was, in fact, a violation. If he had, when he pulled out, what would have been the first thing that that officer would have done? He would have flipped on his lights and pulled that guy over. He didn't. He followed. The trial judge then goes on and says, well, therefore there was, because of the fact that he really didn't, when he first viewed it, didn't have a reasonable belief that there was a traffic violation, a violation of traffic code here, therefore I find that there's no reasonable belief for the stop until after the stop occurred. What is that telling me? The judge isn't judging this at the time of what's happening. The judge is saying at the time that this officer left, he had to have a basis in order to follow him in order to make that stop. That's what her ruling is saying. I could not have said it any clearer than what counsel did for me here. That's the reason why the trial judge's ruling is wrong. And that's the reason why we ask this court to reverse and to amend. If there are any questions, let me know. Thank you. Thank you. We will be taking the matter under advisement and rendering the decision without undue delay. And now I think we're in recess until tomorrow morning. Court is now in recess.